Dear Mr. Georgia:
You ask this office if state law prohibits you from holding the elective office of member of the Vermilion Parish School Board while also serving as an appointed member of the Board of Commissioners of Vermilion Parish Waterworks District No. 1.
The provisions of the Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., govern questions concerning the holding of two or more public offices and/or employments. Identifying the correct nature of the positions held is essential for purposes of applying the dual officeholding provisions.
Of relevance here is La.R.S. 42:63(D), which prohibits the holding of elective office and any full-time appointive office in any political subdivision of the state. La.R.S. 42:63(D) provides, in part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . .
[Emphasis added].
A school board member holds an elective office in a political subdivision of the state as defined by La.R.S. 42:62(1)[1]. A member of the waterworks district board holds an appointive office, as this phrase is defined by La.R.S. 42:62(2).[2] *Page 2 
A member of the board holds an appointive office because the position is "specifically established . . . by the laws of this state" under La.R.S. 33:3813[3] and is further appointed by "a governmental body . . . of a political subdivision" because appointments to the board are made by the police jury.
A waterworks commissioner holds his office on a part-time basis, as defined by La.R.S. 42:62(5)[4]. While La.R.S. 42:63(D) prohibits a "person holding elective office in a political subdivision of the state" from at the same time holding "full-time appointive office . . . in the government of a political subdivision thereof," this law does not prohibit one from holding elective office and a part-time appointive office, which is the case here.
It is the opinion of this office that the law does not prohibit your holding the elective office of school board member while holding the part-time appointive office of member of the waterworks district board.
 Very truly yours,
 JAMES D. "BUDDY" CALWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 42:62(1) states:
"Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
[2] La.R.S. 42:62(2) provides:
"Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[3] La.R.S. 33:3813 provides, in part:
A. In the ordinance creating a waterworks district under this Chapter, the police jury shall appoint five commissioners recommended in the petition for the creation of the district. . .
[4] La.R.S. 42:62(4) and (5) provide:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.